FILED
SUPERIOR COURT
OF GUAM

2019 JUN 13 PM 1:03

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0596-17 |
|---|---|
| vs. | DECISION AND ORDER |
| RENATO CAPILI BOSI,<br><br>Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Renato Capili Bosi's ("Defendant") Motion for Acquittal filed May 2, 2019. Defendant is represented by Public Defender Stephen P. Hattori, and the People of Guam ("the Government") are represented by Assistant Attorney General J. Basil O'Mallan III. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On April 25, 2019, Defendant was found guilty by a jury of his peers to two counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony), two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor), and one count of Child Abuse (As a Misdemeanor). Sentencing is currently set for July 24, 2019 at 10:00 a.m.

On May 2, 2019, Defendant filed a Motion for Acquittal. On May 17, 2019, the Government filed its Opposition. No Reply was filed. Pursuant to Superior Court of Guam

Local Rule 7.1(e)(6)(E), the Motion for Acquittal was taken under advisement on May 29, 2019.

## DISCUSSION

Under Guam law, the Court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 G.C.A. § 100.10. The Court is to examine whether "the evidence presented at trial in the light most favorable to the People . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Song*, 2012 Guam 21 ¶ 27. *See also People v. Quinata*, 1999 Guam 6 ¶ 9. The Court "is concerned with the existence or nonexistence of evidence, not its weight." *Song*, 2012 Guam 21 ¶ 29. Accordingly, the Court "should grant a motion for judgment of acquittal when the evidence merely raises a suspicion that the accused is guilty. However, if there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, . . . the case was properly submitted to the jury." *Id.* (internal citation and quotation marks omitted).

Defendant moves the Court for a judgment of acquittal as to the guilty verdicts rendered to the two counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony) and the two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). *See generally,* Mot. Acquittal, May 2, 2019.

**A. Whether sufficient evidence was presented to support a rational determination that Defendant committed both counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony) beyond a reasonable doubt**

Defendant first argues that there was insufficient evidence to prove beyond a reasonable doubt that he was guilty of Second Degree Criminal Sexual Conduct. Defendant was charged with Second Degree Criminal Sexual Conduct (As a First Degree Felony) under 9 GCA § 25.20(a)(2), which provides that:

> A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exist:

. . .

> (2) that other person is at least fourteen (14) but less than sixteen (16) years of age and the actor is a member of the same household as the victim, or is related by blood or affinity to the fourth degree to the victim, or is in a position of authority over the victim and the actor used this authority to coerce the victim to submit.

9 G.C.A. § 25.20(a)(2). Defendant argues that insufficient evidence was presented to show that he used his position of authority over the victim to force or coerce the sexual contact. The Government argues that Defendant was in a position of inherently coercive authority over the victim when she resided at his home on the weekends and that his position of authority as Pastor of the Church was also coercive under the totality of the circumstances. *See* Opp'n at 4-7.

Guam's statutory definition of "force or coercion" does not specifically include actors in positions of familial, custodial, supervisory or official authority of a minor, or actors who are church leaders such as pastors. *See* 9 G.C.A. § 25.10(a). The statutory definition does not limit the definition of coercion to the enumerated examples listed in the statute, however, abuse of positions of trust alone do not necessarily equate to "coercion" within the meaning of the statute. *See People v. Tenorio*, 2007 Guam 10 ¶ 18. "[T]he coercive position is only one circumstance that may contribute to a finding of coercion." *Id.* Courts, therefore, have evaluated whether the coercion element is satisfied by examining the "totality of the circumstances." *Tenorio*, 2007 Guam 18 ¶ 20.

> [F]actors indicative of forcible compulsion (or the threat of forcible compulsion) include, but are not limited to, the respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination or custodial control over the victim, and whether the victim was under duress.

*Id.* (quoting *Commonwealth v. Titus*, 556 A.2d 425, 427 (Pa.Super.Ct. 1989)).

In evaluating these factors, the Court finds that the coercive element is satisfied. Here, the acts Defendant was found guilty of occurred when the victim was fourteen years old, and Defendant was fifty-six years old; Defendant held both a pastoral and custodial role with the

victim; the victim stayed at the Defendant's home on weekends and stayed overnight; the incidents occurred at Defendant's home; and testimony provided that Defendant had the power to make decisions on a number of very intimate matters in the victim's life, including dating, dress code, and spending time with siblings. Testimony also provided that Defendant had the power to go into the victim's cell phone and read private messages, as well as order her to delete certain emails and messages.

Although there may have been conflicting testimony as to some of these facts, such conflicts and credibility determinations were for the jury to resolve. "It is not the province of the court, in determining [a motion for judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *Song*, 2012 Guam 21 ¶ 29 (citation omitted) (alteration in original). "When ruling on a motion for judgment of acquittal, the trial court is concerned with the existence or nonexistence of evidence, not its weight. . ." *Id. See also Quinata*, 1999 Guam 6 ¶ 14 ("It is the responsibility of the trier of fact, and not this court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."). Therefore, the Court finds that sufficient evidence was presented at trial to support a rational determination that Defendant committed both counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony), and will not grant Defendant's Motion for Acquittal as to these charges.

**B. Whether sufficient evidence was presented to support a rational determination that Defendant committed both counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) beyond a reasonable doubt.**

Defendant also moves for a judgment of acquittal as to both counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). Defendant was charged with Fourth Degree Criminal Sexual Conduct under 9 G.C.A. § 25.30(a)(1), which provides as follows:

> A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if either of the following circumstances exist:
>
> (1) Force or coercion is used to accomplish the sexual contact.

9 G.C.A. § 25.30(a)(1). Under Guam law, "force or coercion" includes but is not limited to:

(A) when the actor overcomes the victim through the actual application of physical force or physical violence;

(B) when the actor coerces the victim to submit by threatening to use force or violence on the victim and the victim believes that the actor has the present ability to execute these threats;

(C) when the actor coerces the victim to submit by threatening to retaliate in the future against the victim or any other person and the victim believes that the actor has the ability to execute this threat. As used in this Subsection, to retaliate includes threats of physical punishment, kidnapping or extortion;

(D) when the actor engages in the medical treatment or examination of the victim in a manner or for purposes which are medically recognized as unethical or unacceptable; or

(E) when the actor, through concealment or by the element of surprise, is able to overcome the victim.

9 G.C.A. § 25.10(a)(2). The two counts of Fourth Degree Criminal Sexual Conduct also involved Defendant touching the buttock and primary genital area of the victim.

Here, Defendant argues that there was insufficient evidence presented to show that force or coercion was used to accomplish the sexual contact under both counts of Fourth Degree Criminal Sexual Conduct. (Mot. at 7). The Government argues that force or coercion could also be shown here based on the same rational for the showing of coercion required for the Second Degree Criminal Sexual Conduct charges. Additionally, the Government argues that the jury could have found force or coercion through the actual physical acts of Defendant grabbing the victim's buttocks and genital area, as well as through the element of surprise under section 25.10(a)(2). (Opp'n at 7).

The Court finds that based on the same reasoning noted above, sufficient evidence was presented at trial to support a rational determination that Defendant committed both counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor), and will also not grant Defendant's Motion for Acquittal as to these charges.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Acquittal. The parties are to return for Sentencing on July 24, 2019 at 10:00 a.m. Any sentencing memoranda shall be filed by July 17, 2019 at 12:00 NOON.

IT IS SO ORDERED this 13th day of June, 2019.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG
PDSC
Date: 6/13/9  Time: 106pm

Deputy Clerk, Superior Court of Guam

*People v. Bosi*
Case No.CF0596-17
Decision and Order